**Lawrence DAVIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 82184.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 9, 2004.

Jo Ann Rotermund, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer Jefferson City, MO, for respondent.

Before BOOKER T. SHAW, P.J., LAWRENCE G. CRAHAN, J., and PATRICIA L. COHEN, J.

PER CURIAM.

Lawrence Davis ("Movant") appeals the order holding that his claim that counsel was ineffective for failure to preserve an issue for review was not cognizable in a post-conviction relief action. We dismiss the appeal.

Movant filed a Rule 29.15 motion which alleged that counsel was ineffective for failing to object to certain testimony and that Movant was prejudiced because it went directly to the issue of his guilt and because the issue was not preserved for appeal. The State moved to dismiss, in part because a claim that a failure to object caused an issue not to be preserved on appeal is not cognizable in a post-conviction relief action. *See State v. Thompson,* 955 S.W.2d 828, 831 (Mo.App.1997). The motion court entered an order dismissing the allegation that counsel's failure to object caused the issue not to be preserved for appellate review. The order does not address the balance of Movant's allegations.

Movant appealed the trial court's order. The State contends we lack jurisdiction because the trial court has not rendered a final judgment sustaining or overruling Movant's motion. We agree.

The order in question is not denominated a "judgment," so it is not appealable pursuant to Rule 74.01(a). Although Rule 29.15(k) provides that an order sustaining or overruling a motion filed under the provisions of Rule 29.15 is deemed to be a final judgment for purposes of appeal, the order entered by the court does not purport to sustain or overrule Movant's motion. It merely holds that one of Movant's allegations is not cognizable. Thus, we have no jurisdiction because there is no final judgment. Under such circumstances, we have no choice but to dismiss the appeal.