STATE of Missouri, Respondent,

v.

Franklin D. BROWN, Appellant.

Franklin D. BROWN, Appellant,

v.

STATE of Missouri, Respondent.

No. 78919.

Supreme Court of Missouri,
En Banc.

Jan. 21, 1997.

Rose M. Wibbenmeyer, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Kurt U. Schaefer, Andrew J. Lay, Assistant Attorneys General, Jefferson City, for respondent.

WHITE, Judge.

Franklin D. Brown was charged with two felony counts, delivery of an imitation controlled substance and trafficking drugs in the second degree. At his trial, during voir dire, the prosecutor asked the venire panel:

Has anybody here ever been involved in the prosecution or defense of a criminal case? In other words, have you ever gone to court to help a friend out, testify in a criminal case, or been a state's witness in any type of case? Anybody been called to testify? I see no hands. Is there anybody here who has a family member or close personal friend who has ever been charged or arrested or convicted of a crime?

These questions elicited responses from several venirepersons.

Some of these responses were made in open court. Some venirepersons responded at sidebar outside of the hearing of the rest of the panel. All of the responses in open court concerned arrests or convictions of friends or relatives of venirepersons. The only two responses concerning personal arrests or convictions were made at sidebar. One of the two venirepersons that approached the bench for a sidebar did not do so during the prosecutor's voir dire. After the prosecutor finished her voir dire, the court recessed. When court resumed, the venireperson asked to approach the bench. With both the prosecutor and defense counsel present, he stated:

> I don't want to make an improper question on the proceedings. I heard the prosecuting attorney ask this morning if any of the prospective jurors had relatives or friends with a prior conviction. I expected that she might ask the jurors the same question and I did not hear it and I didn't know if my hearing failed me or if she didn't ask it.... I don't know if she is supposed to ask or not, but I didn't hear it.

When proceedings resumed in open court, defense counsel did not ask the venire panel about personal arrests or convictions in her voir dire.

Mr. DeShurley did not respond when the prosecutor asked about previous involvement in the prosecution or defense of a criminal case. He was selected to serve on the jury. Mr. Brown was convicted on both counts. After the trial and before the deadline for filing a motion for new trial, the court received certain information regarding Mr. DeShurley.[1] Mr. Brown's motion for new trial alleged that Mr. DeShurley had an arrest record and had been convicted of "at least one conviction with one incident dealing with a controlled substance."[2] This motion was not accompanied by any supporting exhibits or affidavits. The court overruled the motion and stated for the record that it had reviewed the voir dire portion of the transcript. Following opinion by the Missouri Court of Appeals, Eastern District, this Court granted transfer. We affirm the judgment.

■ When juror misconduct occurs during a felony trial, the verdict will be set aside unless the state affirmatively proves that despite the misconduct, the other jurors were not subjected to improper influences.[3] The burden of proof does not shift until misconduct is established, however.[4]

■ The trial court found that no juror misconduct occurred at Mr. Brown's trial. Trial court decisions concerning juror misconduct will not be disturbed absent a finding of abuse of discretion on review.[5] A trial court will be found to have abused its discretion when a ruling is:

> clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable [persons] can differ about the propriety of the action taken by the trial court, then it

---

1. Before ruling on the motion for new trial, the court stated only that it knew of the "information" upon which the motion was based. It is not clear what information the court received or how the court received this information.

2. The exact nature and degree of the alleged offense are not in the record. Mr. DeShurley was selected from the qualified juror list. The original juror qualification form that Mr. DeShurley completed is not in the record. Mr. DeShurley's criminal record was not offered in support of the motion or ever made part of the record. Mr. DeShurley was never called to testify.

3. *State v. Chambers,* 891 S.W.2d 93, 101 (Mo. banc 1994).

4. *State v. Mullen,* 528 S.W.2d 517, 520 (Mo.App. 1975). *See State v. Jones,* 363 Mo. 998, 255 S.W.2d 801, 806 (1953) (finding juror misconduct, the court then considered whether the prosecution had met its burden of proof); *State v. Bayless,* 362 Mo. 109, 240 S.W.2d 114, 123 (1951) (declining to decide whether juror misconduct occurred and addressing the issue of burden of proof only after assuming juror misconduct for the purpose of disposing of the issue); *State v. Choate,* 600 S.W.2d 37, 42 (Mo. App.1980) (stating that an unsupported allegation of juror misconduct in motion for new trial does not shift the burden of proof to the prosecution to affirmatively show absence of improper influence).

5. *Chambers,* 891 S.W.2d at 101.

cannot be said that the trial court abused its discretion.[6]

Mr. Brown alleges that the trial court abused its discretion in finding that Mr. DeShurley's alleged failure to disclose his criminal record during the prosecutor's voir dire did not constitute juror misconduct. A venireperson cannot be found to have intentionally concealed an answer to a question that was never asked.[7] It must be established that the relevant subject matter was actually explored by counsel during voir dire before a juror's silence can be found to be an intentional concealment of the truth.[8] The record supports a finding that the questions asked did not specifically address the criminal records of the members of the venire panel.

On its face and out of context, the introductory question "Has anybody here ever been involved in the prosecution or defense of a criminal case?" could be construed to refer to prior arrests or convictions: the defense of a criminal case follows an arrest; the defense of a criminal case necessarily involves any named defendant; an unsuccessful defense results in a conviction.

When considered in context, however, it is logical to conclude that the question did not directly ask members of the venire panel if they had ever been arrested or convicted. Immediately after asking the introductory question, the prosecutor said "in other words" and then continued with more specific questions:

> "Have you ever gone to court to help a friend out, testify in a criminal case, or been a state's witness in any type of case? Anybody been called to testify? ... Is there anybody here who has a family member or close personal friend who has ever been charged or arrested or convicted of a crime?"

As evidenced by the confusion of the venireperson who asked to approach the bench, the prosecutor's later questions could reasonably be understood to be clarifications of what she meant by her initial general question. Even from a reading of the transcript, without the benefit of actually witnessing the voir dire as did the trial court, the responses from the other members of the venire panel demonstrate that the prosecutor's voir dire emphasized arrests and convictions of relatives and friends of the venireperson, not of the venirepersons themselves. The only focus on the venirepersons specifically was in the context of testifying at trial. This question does not necessarily apply to someone with a criminal record. It is not necessary or even required of a defendant to testify after an arrest or before a conviction. Furthermore, it is not clear from the record if Mr. DeShurley indeed did have an arrest record or conviction of any kind.

A finding that the question was not clear and that, as a consequence, the subject of the criminal records of the members of the venire panel was not explored during voir dire, is consistent with the logic of the circumstances. The trial court did not, therefore, abuse its discretion in finding that no juror misconduct occurred. Accordingly, we affirm.

All concur.

---

**6.** *Shirrell v. Missouri Edison Co.,* 535 S.W.2d 446, 448 (Mo. banc 1976).

**7.** *See State v. Gaitan,* 442 S.W.2d 530, 533 (Mo. 1969) (holding that a question about present employment in field of law enforcement did not trigger disclosure of past employment in field of law enforcement); *State v. Jackson,* 412 S.W.2d 428, 432 (Mo.1967) (indicating that a question

must touch juror qualifications in order to trigger a response regarding qualifications).

**8.** *See Gaitan,* 442 S.W.2d at 533; *State v. Martin,* 755 S.W.2d 337, 339 (Mo.App.1988). *See also Brines by and through Harlan v. Cibis,* 882 S.W.2d 138, 139 (Mo. banc 1994); *Wingate v. Lester E. Cox Medical Center,* 853 S.W.2d 912, 916 (Mo. banc 1993).