STATE of Missouri,
Plaintiff/Respondent,

v.

Cecil Lewis MORTON,
Defendant/Appellant.

No. ED 89014.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 13, 2007.

Lisa M. Stroup, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Evan Joseph Buchheim—co-counsel, Jefferson City, MO, for respondent.

BOOKER T. SHAW, Judge.

Appellant Cecil Morton appeals the trial court's judgment entered on a jury conviction of first-degree tampering under section 569.080 after Appellant was arrested driving a stolen vehicle. The court sentenced Appellant to five years' imprisonment. Appellant contends that the trial court erred by (1) overruling Appellant's *Batson* challenges to the state's peremptory strikes of two African American venirepersons and (2) allowing the state to ad-

duce evidence regarding the resale of the vehicle after Appellant's arrest.

## Facts and Procedural History

On August 6, 2005, Appellant was arrested driving a truck with stolen license plates. The arresting officer ran the vehicle identification number in the REGIS database and discovered that the truck, too, was stolen. The truck had been towed to St. Louis Metropolitan Towing on March 11, 2005, but it disappeared the next day. The towing company paid its insurer $2,381 for the missing truck. Appellant claims to have purchased the truck from the towing company for $800 in May 2005, though he was unable to produce documentation of the sale. The towing company resold the truck for $530 in November 2005.

At trial, the state exercised peremptory strikes to remove two African–American women from the jury venire. Defense counsel objected to the strikes on the basis of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (holding that racial discrimination in jury selection violates equal protection). The court overruled the objections and allowed the strikes.

During the state's direct examination of the towing company manager, the state offered into evidence a bill of sale documenting the sale of the truck in November 2005, after Appellant's arrest. Appellant objected on the basis of relevance. The state argued that the bill was relevant to establish ownership. The trial court overruled the objection and admitted the evidence.

The jury found Appellant guilty of first-degree tampering. The trial court imposed a sentence of five years' imprisonment.

## Discussion

*Batson Claims*

■ A trial judge's determination that a peremptory strike was made on racially neutral grounds is entitled to great deference on appeal and will only be overturned if shown to be clearly erroneous, leaving the reviewing court with the definite and firm impression that a mistake was made. *State v. Cole,* 71 S.W.3d 163, 172 (Mo.2002).

■ A *Batson* challenge proceeds as follows. After the defendant objects to the state's peremptory strike and identifies the protected class to which the prospective juror belongs, the state must provide a reasonably specific and clear, race-neutral explanation for the strike. If the state articulates a facially neutral explanation, the burden shifts to the defendant to demonstrate that the state's explanation was pretextual and the strike was actually motivated by race. *Id.*

Here, the state exercised peremptory strikes to remove two African–American women, Arletha Qualls and Sharon Richmond, from the jury venire. In response to defense counsel's objection, the state offered several race-neutral reasons for the strikes. As to Ms. Qualls, the state justified its strike based on the facts that she (1) did not respond to questions during *voir dire,*[1] (2) did not elaborate on her questionnaire answer that she had been a victim of a crime, (3) did not make eye

---

1. In fact, both the prosecution and defense counsel were mistaken about her silence. Ms. Qualls did respond to one inquiry during *voir dire.* But the discrepancy is irrelevant. "The issue ... is not whether the reason given for a strike is true in fact, but whether the striking party believes it to be true." *State v. Johnson,* 220 S.W.3d 377, 382 (Mo. App. E.D.2007), citing *State v. Bass,* 81 S.W.3d 595, 611 (Mo.App. W.D.2002).

contact with the prosecutor but made eye contact with defense counsel, and (4) was a teacher for the St. Louis school district. As to Ms. Richmond, the state's sole justification for the strike was the fact that Ms. Richmond was a teacher for the St. Louis school district. The prosecutor explained that she had two previous bad experiences with St. Louis school teachers. Speaking of Ms. Qualls but applying the same justification to Ms. Richmond, counsel elaborated, "simply by her employment, that is one of the reasons that she's being struck, particularly in this case because it's a tampering case. She teaches the very young people who continually get charged with this particular crime. Generally ... it's someone between the ages of 17 to 19 who [is] still in high school, so I think she has a grave familiarity with this type of crime."

■ Defense counsel argued that the state's race-neutral justifications were pretextual in that, first, the prosecution failed to investigate her purported concerns. Specifically, the state failed to ascertain whether any of the teachers taught high school students and failed to inquire about Ms. Qualls' experience as a crime victim. "[T]he State's failure to engage in any meaningful *voir dire* examination on a subject the State alleges it is concerned about is evidence suggesting that the explanation is a sham and a pretext for discrimination." *State v. McFadden*, 191 S.W.3d 648, 653–654 (Mo.2006) (citing *Miller–El v. Dretke*, 545 U.S. 231, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005)).

■ Defense counsel further claimed pretext in that similarly situated white venirepersons were not removed. Specifically, several white members of the jury pool also did not respond to the attorneys' questions, and a white school teacher from the Parkway district remained in the pool. A key factor to be considered in determining pretext is the existence of similarly situated white jurors who were not struck. *State v. Edwards*, 116 S.W.3d 511, 525 (Mo.2003). "[T]rial courts should ... consider strikes based on occupation carefully, assessing them for pretext by looking at whether the occupation and the claimed traits relate to the particular case or juror [and] whether similarly situated jurors are treated differently ..." *Edwards* at 528. Here, while the prosecution partly follows *Edwards* by specifically relating the traits she assigns to St. Louis teachers to this particular case (*i.e.,* the teachers would be sympathetic to Appellant because their students are frequently charged with tampering), her different treatment of the Parkway teacher exposes a troubling inference.[2] While we acknowledge Appellant's indignation, this Court is not persuaded that the state's strikes were motivated by the race of the venirepersons. Any discriminatory intent that might be inherent in the explanation is directed at their students. It seems that the state would have removed a white teacher from the St. Louis district as well.[3] In other words, to the prosecution, the Parkway teacher was not similarly situated.[4] The state's explanation, albeit reproachable, was not a pretext for racial discrimination against the

---

**2.** One need not examine the statistics attached to Appellant's brief, which the state moves to strike, to decipher the insinuation about the students' comparative propensity to commit tampering crimes.

**3.** In fact, the state did strike a white teacher, though the record does not indicate the district for which she taught.

**4.** Moreover, the Parkway teacher was a desirable juror for the state for reasons unrelated to her employment in that her husband's car had been stolen.

venirepersons themselves, as contemplated by *Batson*.

■ "In evaluating a *Batson* challenge, the trial court's 'chief consideration should be the plausibility of the prosecutor's explanations in light of the totality of the facts and circumstances surrounding the case.'" *McFadden* at 651 (citing *State v. Parker*, 836 S.W.2d 930, 939 (Mo.1992)). In addition to the existence of similarly situated white jurors and the relevance of the explanation to the crime charged, other factors include the prosecutor's demeanor and the court's past experiences with the prosecutor. *Edwards* at 527. Given the trial court's acceptance of the prosecutor's explanations without further inquiry, we infer that the court had no reason to doubt her sincerity. In a *Batson* context, the trial judge's findings largely turn on an evaluation of credibility, to which a reviewing court should give great deference. *State v. Brinkley*, 753 S.W.2d 927, 929–930 (Mo.1988). Lastly, we note that the state struck a total of three white veniremembers and three African–American veniremembers, leaving six African–American members in the pool of eighteen from which the jury panel ultimately was selected.[5]

Viewing the totality of facts and circumstances, this Court is not left with the definite and firm impression that the trial court's determination was clearly erroneous. Point one is denied.

*Evidentiary Ruling*

■ A trial court has broad discretion to admit or exclude evidence at trial. *State v. Kemp*, 212 S.W.3d 135, 145 (Mo. 2007). A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State v. Brown*, 939 S.W.2d 882, 883 (Mo.1997). If reasonable persons can differ, then the trial court did not abuse its discretion. *Id.* Evidence is logically relevant if it tends to prove or disprove a fact in issue. *State v. Riley*, 213 S.W.3d 80, 92 (Mo.App. W.D.2006). Evidence is legally relevant if its probative value outweighs its prejudicial effect. *Id.* at 92–93. In matters involving the admission of evidence, an appellate court will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. *State v. Richardson*, 923 S.W.2d 301, 311 (Mo.1996).

Appellant contends that the trial court abused its discretion by allowing the state to adduce evidence of a bill of sale documenting the towing company's disposition of the truck in November 2005, after Appellant's arrest, because the bill was not logically relevant to the question of whether Appellant owned the truck on August 6, 2005. The state replies that the bill of sale, coupled with the manager's testimony, was logically relevant to establish that it was the first and only sale of the truck, contrary to Appellant's claim that he purchased it in May, 2005.

Appellant argues that the bill also was not legally relevant because its probative value was outweighed by the prejudicial effect of the jury's knowledge that the towing company only recouped $530 of the $2381 paid to its insurer. The state ridicules Appellant's assignment of juror sympathy for the towing company's financial loss, which Appellant admits is not an element of the crime charged, and contends that admission of the bill was not so prejudicial that it deprived Appellant of a fair trial.

While we appreciate Appellant's argument that a bill of sale created in Novem-

---

**5.** The record does not specify the composition of the seated jury.

ber 2005 does not necessarily disprove the possible existence of an alleged earlier sale, the trial court's ruling was not so clearly against the logic of the circumstances as to indicate a lack of careful consideration. Furthermore, we are not persuaded by Appellant's speculation that the jury was so influenced by the towing company's financial loss that the court's admission of the bill affected the outcome of the trial. Point two is denied.

## Conclusion

The judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, P.J., and NANNETTE A. BAKER, J., concur.