Before SMART, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

### *ORDER*

PER CURIAM:

Kevin Blue was convicted of one count of committing violence against an offender in the Department of Corrections in violation of Section 217.385, RSMo. Cum Supp.1996. We find no merit to his sole claim on appeal, that the trial court erred in refusing to submit his instruction on self-defense. Because a published opinion would have no precedential value, we affirm by this summary order but have furnished the parties with a memorandum setting forth our reasoning. Affirmed. Rule 30.25(b).

STATE of Missouri, Respondent,

v.

Anthony A. THOMPSON, Appellant.

Nos. WD 51820, WD 53320.

Missouri Court of Appeals,
Western District.

Dec. 2, 1997.

Matthew J. O'Connor, Jonathan L. Laurans, Laurans & O'Connor, L.L.C., Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel G. Cierpiot, Asst. Atty. Gen., Jefferson City, for respondent.

Before SMART, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

LAURA DENVIR STITH, Judge.

Defendant Anthony A. Thompson appeals his convictions of first degree robbery and armed criminal action. Defendant argues that the trial court abused its discretion in failing to grant a mistrial and in overruling his motion for new trial despite the evidence that two jurors left the jury room during deliberations. Defendant also claims that the trial court abused its discretion in failing to grant him a new trial because he was not allowed to poll the jury before it was discharged. Finally, Defendant claims that the motion court erred in denying his Rule 29.15 motion for post-conviction relief, after an evidentiary hearing, because he demonstrated that his trial counsel was ineffective in failing to preserve the issue of self-defense.

We find the issue of failing to poll the jury was not preserved, and that the evidence did not support granting of the post-conviction motion. The State concedes that the trial court erred in denying the motion for mistrial based on jury misconduct without holding an evidentiary hearing, however, and we therefore remand for such a hearing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On the evening of April 24, 1995, Franklin Fisher was at Monica Jones's house. Sometime during the evening, Ms. Jones's ex-boyfriend, Defendant Anthony Thompson, arrived at the apartment with another man. Mr. Fisher testified that when Ms. Jones left the room to put her children to bed, Defendant grabbed him and held a gun to his face. Defendant and his friend then began going through Mr. Fisher's pockets, taking some money, a pager, and a gun. The two men then ran out of the apartment and drove off in a white car.

Defendant testified that he went to Ms. Jones's apartment that night to sell fake drugs to Mr. Fisher. When Mr. Fisher discovered that the drugs were fake, he attempted to pull out a gun. Defendant grabbed Mr. Fisher around the neck and his friend grabbed the gun away from Mr. Fisher. Defendant claimed that he did not take any other property from Mr. Fisher and that both he and his friend then ran out and left in their car. They put the gun in the car, and Defendant went to his mother's house.

The State charged Defendant by information as a prior and persistent offender with

one count of first degree robbery in violation of Section 569.020, RSMo 1994, and one count of armed criminal action in violation of Section 571.015, RSMo 1994. The jury found Defendant guilty of both counts, and the judge sentenced him to concurrent terms of twelve years for robbery and four years for armed criminal action and denied his motion for a new trial. Defendant appeals.

Defendant subsequently filed a motion for post-conviction relief, which was denied following an evidentiary hearing. Defendant also appeals this ruling.

## II. ALLEGED JUROR MISCONDUCT

As his first point on appeal, Defendant argues that the trial court abused its discretion in failing to grant a mistrial and in overruling his motion for new trial based on the alleged fact that two jurors left the jury room during deliberations.

At trial, after the court read the jury the "hammer" instruction and the jury resumed deliberations, defense counsel informed the judge "that two female jurors left the floor." Apparently, defense counsel received this information from two correctional officers. Defense counsel then requested a mistrial. The judge stated that when the jurors announced either that they were deadlocked or had reached a verdict, he would inquire about this alleged misconduct. Defense counsel consented to this procedure. When the jury returned and rendered its guilty verdicts, however, the judge did not inquire whether any jurors had left the deliberating room. The judge did ask, "Did all 12 jurors participate in the deliberations at all time?" The foreperson answered affirmatively.

■ Juror misconduct during a felony trial requires reversal for a new trial, unless the State affirmatively shows that the jurors were not subjected to improper influences as a result of the misconduct. *State v. Smith,* 944 S.W.2d 901, 921 (Mo. banc), *cert. denied,* —— U.S. ——, 118 S.Ct. 377, —— L.Ed. 2d —— (1997); *State v. Brown,* 939 S.W.2d 882, 883 (Mo. banc 1997). Defendant argues that the State did not meet its burden of proving the jurors were not improperly influ-

enced, and that he is, therefore, entitled to a new trial.

■ The burden does not shift to the State to disprove improper influence, however, until juror misconduct is actually established. *Id.* Here, although the judge said that he would question the jurors on this issue when they returned their verdict, he did not do so, nor did he later hold a hearing to determine whether two jurors actually had left the jury room during deliberations and if so, whether they had been subjected to any improper influence. It is thus premature to argue that a new trial is required.

■ The State does concede in its brief on appeal that the trial court erred in not holding a hearing to determine whether misconduct occurred and prejudice resulted, however. It asks us to remand for such a hearing. We concur that this is the proper relief and remand for this purpose.

## III. POLLING OF JURY

Next, Defendant claims that the trial court abused its discretion in failing to grant him a new trial because he was not allowed to exercise his right to poll the jury. When the jury completed its deliberations and returned to court, the judge read the verdicts aloud. After the judge asked whether these were the jury's unanimous verdicts and the foreperson responded affirmatively, the judge immediately accepted the verdicts, thanked the jurors, and discharged them. Defendant now claims that this was all done so quickly that he was denied an opportunity to poll the jury.

■ After the verdict is returned, a party may request to have the jury polled. Rule 29.01(d). "However, the trial court is not required to poll in every case. It is up to trial counsel to make the request. If a party fails to request that the jury be polled, it waives this right." *State v. Zimmerman,* 941 S.W.2d 821, 825 (Mo.App.1997). *See also State v. Lewis,* 482 S.W.2d 432, 435 (Mo.1972) (rejecting defendant's contention that trial court erred by failing to offer to have the jury polled).

Here, Defendant made no request to the trial court that the jury be polled before the

court discharged the jury. Furthermore, although he now asserts he failed to ask that the jury be polled because the trial court did not give him time to do so, he made no objection on this basis at the time the jury was discharged. If Defendant desired to poll the jury, he was obligated to bring this desire to the attention of the trial court in a timely manner. Mr. Thompson's argument that he was "not allowed to exercise his right" to poll the jury and that he was "deprived of his right to poll the jury" is misplaced. He could not have been deprived of this right for he made no attempt to exercise it in the first instance. Point denied.

## IV. POST–CONVICTION RELIEF

Finally, Defendant argues that the motion court erred in denying his Rule 29.15 motion for post-conviction relief after an evidentiary hearing because his trial counsel was ineffective in failing to include the court's refusal of a self-defense instruction as a ground for relief in his motion for a new trial. At trial, Defendant claimed that he acted in self-defense when Mr. Fisher attempted to pull out a gun after discovering that Defendant had attempted to sell him fake drugs. Defense counsel requested that a self-defense instruction be given to the jury, but the trial court refused the proffered instruction.

Our review of denial of a Rule 29.15 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law were clearly erroneous. Rule 29.15(k); *State v. Driver,* 912 S.W.2d 52, 54 (Mo. banc 1995). Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *State v. Storey,* 901 S.W.2d 886, 893 (Mo. banc 1995).

Here, Defendant argues that his trial counsel failed to include a potentially meritorious ground for relief in his motion for a new trial. At the evidentiary hearing on Defendant's motion, trial counsel indicated that he did not believe the judge's refusal of a self-defense instruction was as strong a ground for receiving a new trial as the other

grounds he did include in the motion. Therefore, he did not include it because he wanted to "focus on the issues that [he] thought were most important." This is a reasonable decision of trial strategy that will not support a finding of ineffective assistance of counsel. *State v. Ashley,* 940 S.W.2d 927, 933 (Mo.App.1997).

In any event, post-conviction relief for ineffective assistance of counsel is limited to errors which prejudiced the defendant by denying him a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *State v. Loazia,* 829 S.W.2d 558, 569 (Mo.App.1992); *Kirk v. State,* 778 S.W.2d 661, 662 (Mo.App. 1989). Here, Defendant does not claim that his trial counsel's inaction affected his right to a fair trial. Instead, he only argues that his trial counsel's inaction affected his ability to appeal the conviction. In his amended motion for post-conviction relief, Defendant argued that he was "prejudiced because the failure of trial counsel to include these issues in the Motion for New Trial results in the issue not being properly preserved for appellate review.... Any review of this issue would have to be done under the plain error rule, which is a higher standard and requires Movant to show that the errors resulted in a manifest injustice." He makes similar arguments in his brief. The claims that his trial counsel's inaction affected his ability to appeal is a claim which is not cognizable under Rule 29.15. *Loazia,* 829 S.W.2d at 569; *Kirk,* 778 S.W.2d at 662.

Mr. Thompson's judgment of conviction is remanded for an evidentiary hearing on the issue of jury misconduct, in accordance with this opinion. His allegations of error in his conviction and in denial of his post-conviction motion are denied in all other respects.

All concur.