Germon A. EVERAGE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 66648.

Missouri Court of Appeals,
Western District.

April 17, 2007.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 29, 2007.

Application for Transfer Denied
Aug. 21, 2007.

Laura Grether Martin, Appellate Defender Office, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen Kramer, Office of Attorney General, Jefferson City, for respondent.

RONALD R. HOLLIGER, Judge.

Germon Everage ("Everage") appeals the denial, without an evidentiary hearing, of his motion for post-conviction relief under Rule 29.15.[1] Everage advances two points on appeal, each of which claims that he was denied the effective assistance of counsel guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and article I, sections 10 and 18(a) of the Missouri Constitution. In the first point, it is claimed that trial counsel was ineffective for failing to object when the trial court allowed the venire panel to discuss whether they felt threatened by the defendant, and for failing to request that the panel be individually polled concerning that issue. In his second point, Everage claims that trial counsel was ineffective for failing to assert in his motion for a new trial that the trial court's denial of a pre-trial motion to strike three jurors was error. After reviewing the entire record and finding no error, this court affirms the order of the motion court denying post-conviction relief.

**Factual and Procedural Background**

Everage was tried for and convicted of second-degree murder. After a jury was

---

1. All rules cited are Missouri Rules of Court (2006) unless otherwise noted.

selected for that trial, but before the jury was impaneled, the trial court learned that a panel member was concerned about the possibility that Everage may have learned personal information about the prospective jurors from their jury questionnaires. At the next opportunity, the court discussed these concerns with the entire panel, noting that addresses and phone numbers are redacted from the defendant's copy of that questionnaire. A second juror then expressed, in the presence of the entire panel, a concern about the fact that Everage was taking notes during voir dire. The juror asked whether the panel could see the notes that Everage took during voir dire. The court denied that request and sent the panel to the jury room to "chat about" whether they felt "somewhat threatened or at siege, then come back down individually and we'll discuss the matters with you." After the panel retired to the jury room, a third panel member returned to the courtroom to express concerns about Everage's voir dire notes. When the panel returned, the prosecutor and Everage's trial counsel each questioned the entire panel about their ability to impartially hear the case, given their concerns about Everage's note taking. The panel members were instructed to raise their hands if they did not feel they could be fair and impartial, and none did so. The panel was not individually polled on the question.

Out of the presence of the panel, Everage's counsel moved to quash the panel or, in the alternative, to strike the three panel members who had expressed specific concerns about Everage's potential access to their personal information. Those motions were denied. The jury was subsequently impaneled, the case was tried, a guilty verdict was returned, and judgment was entered on that verdict. Following judgment, Everage filed a motion for a judgment notwithstanding the verdict or a new trial. Included in that motion was an assertion that the denial of Everage's motion to quash the panel was error, but the denial of the alternative motion to strike three specific jurors was not raised. The post-trial motion was denied.

On direct appeal, Everage asserted that the trial court abused its discretion in denying his motion to quash the panel,[2] and this court affirmed his conviction. *State v. Everage*, 124 S.W.3d 11 (Mo.App. W.D. 2004). Everage then filed a timely motion for post-conviction relief, which was ultimately denied, and this appeal follows.[3]

## Standard of Review

This court's review of the denial of post-conviction relief is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Moss v. State*, 10 S.W.3d 508, 510 (Mo. banc 2000).

## Discussion

In order to prevail on a claim of ineffective assistance of counsel, a rule 29.15 movant must establish both "(1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced." *Sanders v. State,*

2. In his direct appeal, Everage also asserted instructional error, not relevant to the present case.

3. The motion court that heard Everage's 29.15 motion was not the same as the trial court before which Everage was convicted.

738 S.W.2d 856, 857 (Mo. banc 1987) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Since both ineffective performance and prejudice are required, the absence of either element is fatal to such a claim. *Id.* Since Everage has failed to establish any prejudice flowing from the alleged shortcomings of his trial counsel, this opinion need not address the reasonableness of trial counsel's performance.

In order to show prejudice flowing from the ineffective assistance of counsel, a rule 29.15 movant bears the burden of establishing a reasonable probability that, but for the alleged errors of counsel, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. On appeal, Everage seeks to establish prejudice by characterizing the trial court's actions, to which counsel did not object, as structural error. " 'Structural defects' are constitutional errors that 'defy analysis by "harmless-error" standards' because they 'affec[t] the framework within which the trial proceeds, [and are not] simply [errors] in the trial process itself.' " *State v. Johnson*, 207 S.W.3d, 24, 38 (Mo. banc 2006) (alterations in original) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 309–10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (separate opinion of Rehnquist, C.J.)). Deprivation of the right to a fair and impartial jury constitutes structural error. *Knese v. State*, 85 S.W.3d 628, 633 (Mo. banc 2002).

Thus, where a criminal defendant is deprived of the right to a fair and impartial jury, prejudice therefrom is presumed. Nonetheless, in order to avail himself of this presumption, Everage must establish that the errors complained of resulted in his trial by a jury that was not fair and impartial. *See id.* at 632–33. On the direct appeal of Everage's conviction, this court explicitly noted that the trial record refuted any claim of jury bias:

> This record not only shows no prejudice by the jurors, it actually provides affirmative proof to the contrary. Panel members were repeatedly asked whether their observations and discussions about the defendant would affect their ability to impartially decide the case. None of the jurors gave an affirmative response to the questions.

*Everage*, 124 S.W.3d at 14 (internal citation omitted).

In the instant case, Everage has asserted no further basis for finding that he was tried by a jury that was not fair and impartial. Having failed to establish the denial of his right to a fair and impartial jury, Everage is not entitled to the benefit of the presumption he now invokes, and must establish prejudice by other means.

Turning to the specific errors alleged in Everage's first point on appeal, it should be noted that the record before the motion court in the instant case is identical to the record before this court in Everage's direct appeal. Since that record refutes Everage's claim of jury bias, *see id.*, there is no basis for this court to find that, absent the errors now alleged, "the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

In his second point on appeal, Everage asserts ineffective assistance of counsel based upon his trial counsel's failure to raise the denial of a pre-trial motion to strike three jurors in a post-trial motion for a judgment notwithstanding the verdict or a new trial. As a preliminary matter, we note that the failure to preserve error for appellate review is not cognizable in a rule 29.15 motion. *State v. Thompson*, 955 S.W.2d 828, 831 (Mo.App. W.D.1997). "[P]ost-conviction relief for ineffective assistance of counsel is limited to errors

which prejudiced the defendant by denying him a fair trial." *Id.* Everage correctly points out that trial counsel has a duty to preserve error by asserting it in an appropriate post-trial motion. *See* rule 29.11(d). Nonetheless, the failure to preserve error for appellate review does not affect a rule 29.15 movant's right to a fair *trial.*

Where ineffective assistance is alleged in the context of a post-trial motion, the movant bears the burden of establishing that, but for the alleged errors of counsel, the trial court would have granted the relief requested. *Bode v. State,* 203 S.W.3d 262, 269 (Mo.App. W.D.2006). Thus, the question before this court is "whether there was a reasonable probability that the motion for new trial would have been sustained by the trial court, had such a motion been made, such that the trial court would have reversed the appellant's conviction and granted the appellant a new trial." *Id.*

The present case is distinguishable from *Bode,* to the extent that Everage's trial counsel did file a post-trial motion for a new trial. This distinction, however, is irrelevant to the question on appeal, in that Everage's present claim is that his trial counsel did not assert the grounds that should have been asserted in that post-trial motion. In essence, Everage now claims that trial counsel did not make the post-trial motion that *should* have been made. If anything, Everage's claim is weaker than that raised in *Bode,* since his trial counsel actually did assert that the denial of his pre-trial motion to quash the jury justified the grant of his post-trial motion for a new trial.

The trial court's denial of that motion for a new trial strongly suggests that a post-trial motion based on the denied strikes would not have been sustained, for two specific reasons. First, the relief sought in the post-trial motion actually made and the post-trial motion Everage now claims should have been made would have been identical: a new trial before a new jury. Second, there is an inherent finding in the trial court's denial of the post-trial motion actually made that the jury impaneled, which included the three jurors at issue in the present appeal, was a fair and impartial jury. Given that inherent finding, there was no post-trial basis for the trial court to reverse itself on the pre-trial motion to strike and grant a new trial. Under these circumstances, this court cannot conclude that the findings and conclusions of the motion court were clearly erroneous.

The judgment denying Everage's 29.15 motion is affirmed.

PATRICIA A. BRECKENRIDGE, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.