

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| MARCUS MCCOY, | ) | No. ED99701 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Julian Bush |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed:  April 15, 2014 |

## Introduction

Marcus McCoy (Movant) appeals the motion court's judgment denying his Rule 29.15 motion for post-conviction relief after an evidentiary hearing.  He contends that the motion court clearly erred in denying his claim that defense counsel was ineffective for: 1) failing to call Movant to testify at trial; 2) failing to include a claim in his motion for new trial; and 3) withdrawing a request for mistrial.  We affirm.

## Factual Background

In March 2011, Movant was convicted of two counts of first-degree assault and two counts of armed criminal action, stemming from a 2008 shooting in the City of St.

Louis. The evidence, viewed in the light most favorable to the verdict, shows that on the afternoon of May 16, 2008, Movant and his then-girlfriend, Latrice Mobley, drove to the home of Lamarcus Miller. At the time, Miller was sitting on the front steps with his neighbor, 18-year-old Daniel Henderson and his younger brother, C.R. Upon arriving at Miller's home, Mobley exited Movant's truck and began arguing with Henderson until Movant intervened. Thereafter, Movant and Mobley returned to Movant's truck and drove away. Returning a few minutes later, Movant gave Mobley a handgun and told her to "get out" and "handle it." Mobley exited the truck and approached Henderson, pointing the gun at his chest. She attempted to fire the gun, but the gun did not discharge. After Movant disengaged the safety mechanism, Mobley began firing the gun at Henderson and C.R., who was standing next to him. The two brothers ran for cover behind a parked car. Henderson saw Movant firing shots from a 30-30 rifle, some of which hit Henderson in the hand and leg, resulting in severe injuries. After Henderson was struck by bullets, Movant and Mobley fled the scene. Police recovered three spent 30-30 cartridge casings and three spent .380 caliber cartridge casings from the scene. A ballistics examiner determined that the three 30-30 cartridge casings were all fired from the same rifle and the three .380 caliber casings were fired from the same semi-automatic handgun. Both Henderson and C.R. identified Movant as the shooter in a photo lineup. Movant was charged with two counts of first-degree assault and two counts of armed criminal action.[1]

_____

[1] Mobley was also charged with assault and armed criminal action and later pleaded guilty. At the time of Movant's trial, however, those charges were still pending.

2

At the first trial, Makeia Dillingham (Movant's wife), testified as an alibi witness for the defense, stating that she and Movant had moved to the State of Washington in March 2008, where Movant remained until he was extradited to Missouri. Movant did not testify. The first trial ended in mistrial after three days. Jury selection for Movant's retrial began the same day.

At the second trial, Henderson and C.R. testified that Movant was the person who had fired shots at them, injuring Henderson. Miller testified, identifying Movant as the shooter. Mobley testified that on the afternoon of May 16, 2008, she and Movant fired shots at Henderson and C.R. Mobley said that Movant fired his gun "two times or maybe three" at Henderson, wounding him. Because Dillingham was unavailable to testify at the second trial, the defense read her alibi testimony to the jury from the first trial's transcript. Movant did not testify. At the close of the evidence, the jury found Movant guilty on all counts. Counsel filed a motion for new trial which was denied.

The trial court sentenced Movant to 20 years' imprisonment and 15 years' imprisonment, respectively, on the two assault counts, and 12 years' imprisonment on each of the two armed criminal action counts, with all sentences to run concurrently. This Court affirmed his convictions and sentences in *State v McCoy*, 369 S.W.3d 82 (Mo. App. E.D. 2012).

Movant subsequently filed a *pro se* Rule 29.15 motion for post-conviction relief. Appointed counsel filed an amended motion alleging, *inter alia*, that counsel was ineffective for failing to call Movant to testify on his own behalf, failing to include a claim in his motion for a new trial, and withdrawing a request for mistrial. Following an

3

evidentiary hearing, the motion court issued its judgment denying post-conviction relief. Movant appeals.

## Standard of Review

Appellate review of the denial of a Rule 29.15 motion is limited to a determination as to whether the motion court's findings of fact or conclusions of law are clearly erroneous. *Zink v. State*, 278 S.W.3d 170, 175 (Mo. banc 2009). The motion court's judgment is clearly erroneous only if, after reviewing the entire record, we are left with a definite and firm impression that a mistake has been made. *Worthington v. State*, 166 S.W.3d 566, 572 (Mo. banc 2005). The findings of the motion court are presumed correct. *Id.*

To prevail on a claim of ineffective assistance of counsel, the movant must prove by a preponderance of the evidence that: 1) counsel failed to exercise the level of skill and diligence of a reasonably competent attorney; and 2) that he was thereby prejudiced. *Zink*, 278 S.W.3d at 175 (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). The movant must overcome the strong presumption that defense counsel's conduct was reasonable and effective to meet the first prong of the *Strickland* test. *Zink*, 278 S.W.3d at 176. To show prejudice, the movant must show that, absent the alleged errors by counsel, there is a reasonable probability that the outcome would have been different. *Id.*

## Discussion

### *I. Failure to Call Movant as a Witness*

In his first point, Movant contends that defense counsel was ineffective for failing to call Movant to testify at his second trial after informing counsel of his wish to do so. Movant asserts that he wanted to testify because his sole alibi witness (Dillingham) was unavailable to testify at the second trial. Movant maintains that he was denied his right to testify and to present a complete defense, and that there is a reasonable probability that the outcome of his jury trial would have been different had he been called to testify.[2]

"Although the decision to testify solely rests with the defendant, a defendant is entitled to receive reasonably competent advice." *Jackson v. State*, 205 S.W.3d 282, 286 (Mo. App. E.D. 2006). Reasonably competent advice by counsel regarding whether to testify is generally a matter of trial strategy which, barring exceptional circumstances, is not a basis for post-conviction relief. *Slater v. State*, 147 S.W.3d 97, 101 (Mo. App. W.D. 2004); *State v. Silas*, 885 S.W.2d 716, 722 (Mo. App. W.D. 1994).

At the evidentiary hearing, defense counsel said that he and Movant discussed whether he should testify at the first trial and that Movant decided not to testify. Counsel said the defense would generally wait until the State presented its evidence before determining whether a defendant should testify. Although counsel did not recall the specifics of his conversation with Movant, counsel confirmed that he had discussed with Movant whether he should testify at the second trial. Counsel said that he would have

---

[2] To the extent that Movant asserts, in the argument portion of his brief, that the motion court's finding regarding the waiver of his right to testify was erroneous, this was not the same ground recited in Movant's point relied on for the basis of his claim that counsel was ineffective. Consequently, we do not address it. *See Thummel v. King*, 570 S.W.2d 679, 685-690 (Mo. banc 1978); Missouri Supreme Court Rule 84.04(d).

discussed with Movant the potential risks of cross-examination and that counsel would probably have advised Movant against testifying in view of his prior convictions, the lack of "airtight" alibi evidence, and the lack of documentation establishing that he was in another state when the crimes occurred. Counsel affirmed that had Movant informed him that he wanted to testify at the second trial, counsel would have called him as a witness. Counsel did not recall that Movant had informed counsel that he wished to testify at the second trial.

Contrarily, Movant testified that counsel advised him that "everything in the second trial had to be the same way in the first trial" and because Movant did not testify at the first trial, he "could not testify at the second trial." Movant acknowledged that he had discussed with counsel the fact that his prior convictions for rape, drug possession, and felony gun possession could be raised on cross-examination if he chose to testify at the second trial. Movant confirmed that he never indicated to the trial court or to anyone that he was being deprived of his right to testify.

After hearing the evidence, the motion court denied post-conviction relief, finding that Movant's testimony was not credible and that counsel was not ineffective for not calling Movant as a witness. The motion court's findings and conclusions are presumed to be correct and we defer to the motion court's credibility determinations. *Hurst v. State*, 301 S.W.3d 112, 117 (Mo. App. E.D. 2010). The motion court was free to believe or disbelieve the testimony of any witness, including Movant's testimony. *See Rios v. State*, 368 S.W.3d 301, 317 (Mo. App. W.D. 2012). Here, the motion court heard conflicting testimony as to whether Movant was aware that he could testify and whether

6

counsel had advised Movant that he was prohibited from testifying at the second trial.

Counsel denied that he prohibited Movant from testifying and the motion court did not

believe Movant's testimony to the contrary. Deferring to the motion court's credibility

findings, we conclude that Movant has failed to establish that counsel's performance was

deficient for not calling him as a witness. *See Rios*, 368 S.W.3d at 317.

Moreover, while Movant claims that he wanted to testify at the second trial, the

record reflects that he was given ample opportunity to express this wish to the trial court,

yet failed to do so. During a recess at the second trial, the trial court explained to Movant

that if Dillingham was unavailable to testify, her prior defense testimony could be read to

the jury. Movant acknowledged this option was available to the defense. At no time,

however, did Movant indicate to the trial court that he wanted to testify. Further, at the

sentencing hearing, when the trial court specifically asked Movant whether there were

any witnesses that he wished counsel had called on his behalf, Movant did not indicate

that counsel should have called Movant as a witness. The trial court also asked Movant if

there was anything that counsel said or did during the trial with which Movant disagreed.

Again, Movant raised no complaints regarding counsel's failure to call him as a witness.

Even assuming *arguendo*, that Movant had been called to testify, he fails to show

that the outcome of his jury trial would have been different. To satisfy *Strickland's*

prejudice prong, the movant must show there is a reasonable probability that, but for

counsel's alleged deficiencies, the result of the trial would have been different. *Johnson

v. State*, 189 S.W.3d 640, 645 (Mo. App. W.D. 2006). "[S]imply showing that the

alleged error had a conceivable effect on the trial outcome is not sufficient; instead the

[movant] must show that, absent the error, there is a reasonable probability that he would have been found not guilty." *Id*. Although Movant did not testify, the jury still heard arguments and testimony based on the same alibi defense presented at the first trial – that Movant could not have committed the shootings because he was living in another state when the crimes occurred. Thus, Movant was not deprived of the opportunity to present his alibi defense.

Movant's argument also ignores the strong evidence of his guilt. "Where … there is overwhelming evidence of guilt, such that it cannot be reasonably said that, but for the challenged actions of trial counsel, the jury would have found the movant not guilty … the movant suffers no prejudice." *Dawson v. State*, 315 S.W.3d 726, 733 (Mo. App. W.D. 2010) (quoting *Anderson v. State*, 66 S.W.3d 770, 778 (Mo. App. W.D. 2002)). Here, the State presented four eyewitnesses who placed Movant at the scene of the shooting and identified Movant as the shooter. Ballistics evidence showed that the bullets that struck Henderson were fired from a rifle, corroborating testimony that Movant used a rifle to shoot Henderson. Given the overwhelming evidence of his guilt, Movant fails to show any reasonable likelihood that the outcome of the trial would have been different had he testified. *See Berry v. State*, 214 S.W.3d 413, 418 n. 4 (Mo. App. S.D. 2007). The motion court did not clearly err in denying this claim. Point I is denied.

## II. Failure to Preserve Issue in Motion for New Trial

In his second point, Movant contends that defense counsel was ineffective for failing to preserve for appellate review a claim that the trial court erred in overruling Movant's motion to quash the jury panel. Movant complains that because counsel did

8

not include this claim in the motion for new trial, this issue was not preserved for review. He also claims that as a result, he was denied a fair and impartial jury and a fair trial. The State responds that this claim is not cognizable in a Rule 29.15 proceeding because it involves trial court error that could and should have been raised on direct appeal. *Johnson v. State*, 283 S.W.3d 279, 282 (Mo. App. S.D. 2009).

As a general rule, post-conviction claims based on counsel's failure to adequately preserve issues for appeal are not cognizable under Rule 29.15. *See Childs v. State*, 314 S.W.3d 862, 867 n. 2 (Mo App. W.D. 2010); *State v. Thompson*, 955 S.W.2d 828, 831 (Mo. App. W.D. 1997). "A Rule 29.15 motion cannot be used to obtain review of matters which were or should have been raised on direct appeal." *Phillips v. State*, 214 S.W.3d 361, 364 (Mo. App. S.D. 2007). Even constitutional claims that could have been raised on direct appeal will not be considered in a post-conviction proceeding except where fundamental fairness requires otherwise, and then only in "rare and exceptional circumstances." *State v. Six*, 805 S.W.2d 159, 173 (Mo. banc 1991).[3] Thus, to the extent that Movant argues that counsel's inaction affected his ability to appeal by failing to preserve the issue for review, this claim is not cognizable under Rule 29.15. *See Thompson*, 955 S.W.2d at 831.

However, even if we consider Movant's assertion that defense counsel should have included the claim in the motion for new trial, Movant fails to show a reasonable probability that the trial court would have sustained the motion, reversed Movant's

---

[3] With regard to Movant's assertion that he was denied a fair and impartial jury and a fair trial, the record reveals no rare or exceptional circumstances warranting this Court's review of this claim.

9

convictions, and granted a new trial. *See Everage v. State*, 229 S.W.3d 99, 103 (Mo. App. W.D. 2007). The motion court found that the trial court properly denied Movant's motion to quash for failure to comply with the requisite statutory procedures. On this basis, the motion court concluded that Movant's claim was meritless and that its inclusion in a motion for new trial would not have availed Movant. The record supports the motion court's findings. Defense counsel cannot be deemed ineffective for failing to raise a nonmeritorious claim. *See State v. Nunley*, 923 S.W.2d 911, 924 (Mo. banc 1996). Point II is denied.

### III. Withdrawing Request for Mistrial

In his final point, Movant argues that defense counsel was ineffective for withdrawing his request for a second mistrial. Specifically, Movant claims that he wanted a continuance in order to secure the attendance of his alibi witness and to allow counsel more time to adequately prepare for the second trial. The State counters that defense counsel was not ineffective because counsel withdrew the request at Movant's direction.

At the evidentiary hearing, defense counsel testified that before retrying the case, he had discussed with Movant the possibility of seeking a continuance, given that the first trial had just ended in a mistrial that same day and because Dillingham was unavailable to testify. Counsel said that Movant "insisted on going to trial the second time" and that counsel withdrew his request for a mistrial because it was "[Movant's] wish to proceed forward with the [second] trial." Contrarily, Movant testified that he wanted counsel to seek a continuance.

10

The motion court denied relief on this claim after finding that defense counsel withdrew the motion for a second mistrial *at Movant's request*. The motion court found counsel's testimony credible — that counsel had discussed a continuance with Movant and that Movant wanted to proceed with the trial. The motion court further found that Movant failed to show that competent counsel would have disregarded Movant's wish to proceed to trial. Finding that Movant also failed to demonstrate that he was prejudiced, the motion court concluded that counsel was not ineffective for withdrawing the request for a mistrial.

The record supports the motion court's findings. As reflected in the trial transcript, defense counsel sought a continuance in Division 16, (as required by local court rules), but was unable to obtain a ruling before the start of trial. Consequently, counsel requested a mistrial, which the trial court indicated it would grant in order to allow counsel to pursue a continuance. After conferring with Movant, however, defense counsel informed the trial court that Movant wanted to proceed with the second trial, so counsel withdrew the request.

Credibility determinations are exclusively for the motion court. *Rios*, 368 S.W.3d at 317. The motion court was free to believe or disbelieve any of the testimony, whether contradicted or undisputed, and we defer to the motion court's credibility determinations. *Id*. The motion court was not required to believe Movant's contrary testimony. *See Hurst,* 301 S.W.3d at 117. Counsel cannot be deemed ineffective for acting in accordance with the express instructions of Movant. *See, e.g., Richardson v. State*, 773 S.W.2d 858, 859 (Mo. App. W.D. 1989). Further, Movant fails to show a reasonable

likelihood that the jury would have found him not guilty had counsel not withdrawn the request, a mistrial was granted, and Movant was retried. The cases cited by Movant are factually distinguishable and do not assist his position.[4] The motion court did not clearly err in denying this claim. Point III is denied.

### Conclusion

For the foregoing reasons, we find that the motion court did not clearly err in denying post-conviction relief. The motion court's judgment is affirmed.

_____
Philip M. Hess, Judge

Lisa Van Amburg, P.J. and
Patricia L. Cohen., J. concur.

---

[4] *Peterson v. State*, 149 S.W.3d 583, 588-89 (Mo. App. W.D. 2004) (prosecutor's improper remarks during closing argument prejudiced defense); *In the Interest of J.M.B.*, 939 S.W.2d 53, 56 (Mo. App. E.D. 1997) (counsel presented no argument or evidence on behalf of client who was not present when her parental rights were terminated).