

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| RYAN C. CHRISTIAN, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD76831 |
| | ) | |
| STATE OF MISSOURI, | ) | FILED: March 3, 2015 |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County
The Honorable Peggy Stevens McGraw, Judge**

**Before Division Four: Alok Ahuja, C.J., and Karen King Mitchell and Cynthia L. Martin, JJ.**

Following his convictions of multiple counts of assault and armed criminal action, Ryan Christian filed a motion for post-conviction relief under Supreme Court Rule 29.15. The motion alleged that Christian's trial counsel was ineffective for failing to ask prospective jurors during voir dire whether they would consider Christian's prior felony convictions as evidence of his guilt. The circuit court found that Christian's trial counsel was ineffective for failing to conduct this inquiry. The court concluded, however, that Christian had failed to prove that he had been prejudiced by counsel's ineffectiveness, and denied Christian post-conviction relief. Christian appeals. We affirm.

## Factual Background

In October 2008, Christian was involved in a violent altercation with five undercover Kansas City Police Department detectives, during which he shot at the officers multiple times.

Given the nature of the issue Christian raises on appeal, it is unnecessary to describe in detail the facts surrounding the underlying offenses.

Christian was charged with five counts of assault of a law enforcement officer in the first degree, in violation of § 565.081.1, RSMo, and five associated counts of armed criminal action. The case was tried to a jury. Christian testified in his own defense, claiming that he shot at the officers because he did not realize that they were police officers, but instead believed they were members of a rival gang attempting to murder him. During his direct examination, Christian acknowledged that he had previously been convicted of first-degree assault and armed criminal action.

The jury found Christian guilty of four counts of first-degree assault, one count of second-degree assault, and five counts of armed criminal action. He was sentenced as a prior offender to a total of thirty years in prison. We affirmed his convictions on direct appeal. *State v. Christian*, 347 S.W.3d 548 (Mo. App. W.D. 2011) (*mem.*).

Christian filed a *pro se* post-conviction relief motion pursuant to Supreme Court Rule 29.15. His appointed counsel later filed an amended motion. As relevant here, the amended motion alleged that trial counsel was ineffective for failing to question prospective jurors whether Christian's prior felony convictions would cause them to believe that he was more likely to be guilty of the charged offenses.

The circuit court held an evidentiary hearing on Christian's motion. Trial counsel testified that he was aware that Christian intended to testify in his own defense, and that his prior felony convictions would come into evidence. Counsel testified that his original outline for voir dire included two questions designed to uncover whether prospective jurors might improperly view Christian's prior convictions as evidence of his guilt. Counsel admitted that he failed to ask

2

the intended questions during voir dire.  He testified that he "just missed it," and that it was "[j]ust [a] brain cramp."

The circuit court found that trial counsel performed inadequately in failing to question the jury panel concerning how they would view Christian's prior convictions.  The court found, however, that Christian was not prejudiced by the failure because "based upon the overwhelming evidence, it is difficult to believe that the outcome of the case would have been different."  The court also noted that it had instructed the jury, pursuant to MAI-CR3d 310.10, that Christian's prior convictions could be considered for the sole purpose of determining his credibility, and not as substantive evidence of his guilt.  Because the jury was presumed to have followed this instruction, the court concluded that Christian could not prove that counsel's deficient voir dire examination prejudiced him.  Based on these findings, the circuit court denied Christian's post-conviction relief motion.

Christian appeals.

**Discussion**

This Court will affirm the judgment of the motion court unless its findings and conclusions are clearly erroneous.  Rule 29.15(k).  The motion court's judgment is clearly erroneous only if this Court is left with a definite and firm impression that a mistake has been made.  The motion court's findings are presumed correct.  Additionally, a movant bears the burden of proving the asserted "claims for relief by a preponderance of the evidence."  Rule 29.15(f).

*Johnson v. State*, 406 S.W.3d 892, 898 (Mo. banc 2013) (other citations omitted).

To establish a right to post-conviction relief based on ineffective assistance of counsel, the movant must satisfy a two-prong test.  *Dorsey v. State*, 448 S.W.3d 276, 286-87 (Mo. banc 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  First, the movant must show that counsel's performance was deficient by "'identify[ing] specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent

assistance.'" *Id.* at 287. Besides showing deficient performance, the movant must additionally show that he was prejudiced by the deficiency, meaning that there is "a reasonable probability that, but for counsel's errors, the outcome would have been different." *Id.* If a movant fails to establish both deficient performance and resulting prejudice, he has failed to prove a right to post-conviction relief. "The court may not need to address both prongs [of the *Strickland* test] if the movant has failed to make a sufficient showing on one. If the ineffectiveness claim can be disposed of because of lack of sufficient prejudice, that course should be followed." *Taylor v. State*, 382 S.W.3d 78, 81 (Mo. banc 2012) (citing *Strickland*, 466 U.S. at 697).

In this case, the trial court found that the performance of Christian's trial counsel was deficient, because counsel failed to examine venirepersons concerning Christian's prior convictions. The State does not challenge that finding on appeal. We assume, without deciding, that Christian satisfied the "performance" prong of the *Strickland* analysis.

Whether or not the performance of Christian's counsel was deficient, however, the circuit court did not clearly err in concluding that Christian had failed to establish prejudice, and that he was therefore not entitled to post-conviction relief.

Christian argues that, because counsel's error potentially affected the composition and impartiality of the jury, prejudice should be presumed. Christian's argument misstates the governing law. "To be entitled to a presumption of prejudice resulting from defense counsel's ineffective assistance during the jury selection process, a post-conviction movant must show that a biased venireperson ultimately served as a juror." *Hultz v. State*, 24 S.W.3d 723, 726 (Mo. App. E.D. 2000) (footnote omitted).

*Hultz* rejects a presumption of prejudice in virtually identical circumstances. In *Hultz*, as here, trial counsel failed to question the jury about Hultz's prior convictions (including for

4

crimes similar to those charged) during voir dire. 24 S.W.3d at 725. As in this case, counsel knew that Hultz intended to testify at the time of voir dire, *id.*, and thus could have foreseen that he would be questioned concerning his prior felony convictions. The court held that Hultz was not entitled to a presumption of prejudice resulting from counsel's failure to question the venire panel about his prior convictions, because there was no showing "that a biased venireperson ultimately served as a juror." *Id.* at 726.

Christian argues that *Knese v. State*, 85 S.W.3d 628 (Mo. banc 2002), recognizes a presumption of prejudice where counsel performs ineffectively during jury selection. Christian reads *Knese* too broadly. In *Knese*, a death-penalty case, counsel failed to review jury questionnaires in which two jurors (including the jury foreperson) indicated strong views in favor of the death penalty, and the belief that the criminal justice system was overly lenient to criminal defendants. *Id.* at 632. The Court observed that the two jurors' questionnaire responses "suggest – although not conclusively establishing – that they would automatically vote to impose death after a murder conviction." *Id.* at 633. The Court found that counsel's "complete failure in jury selection," by failing to review the jury questionnaires or examine the jurors concerning their questionnaire responses, constituted a "structural error," and established prejudice. *Id.* at 633; *see also Anderson v. State*, 196 S.W.3d 28, 40 (Mo. banc 2006) ("[f]ailure to strike a juror [who] is unfit to serve because of . . . an improper predisposition is a structural error" from which it is presumed that prejudice resulted).

The Missouri Supreme Court clarified the bounds of *Knese* in *Strong v. State*, 263 S.W.3d 636 (Mo. banc 2008). *Strong* acknowledged that, "'where a criminal defendant is deprived of the right to a fair and impartial jury, prejudice therefrom is presumed.'" *Id.* at 647 (quoting *Everage v. State*, 229 S.W.3d 99, 102 (Mo. App. W.D. 2007)). The Court emphasized,

however, that "'in order to avail himself of this presumption, [the defendant] must establish that the errors complained of resulted in his trial by a jury that was not fair and impartial.'" *Id.* (quoting *Everage*, 229 S.W.3d at 102).

*Strong* stated that, in *Knese*, the movant "showed by a preponderance of the evidence that counsel's errors resulted in the empanelling of biased jurors, depriving the defendants of their right to a fair and impartial jury." 263 S.W.3d at 648. Consistent with *Hultz*, *Strong* holds that "'a movant is entitled to a presumption of prejudice resulting from counsel's ineffective assistance during the jury selection process only if the movant can show that a biased venireperson ultimately served on the jury.'" *Id.* (quoting *Scott v. State*, 183 S.W.3d 244, 248 (Mo. App. E.D. 2005)); *see also White v. State*, 290 S.W.3d 162, 165 & n.1 (Mo. App. E.D. 2009).

Thus, where a post-conviction relief movant proves by a preponderance of the evidence that biased venirepersons served on the jury, and that he was accordingly denied a fair and impartial jury, prejudice will be presumed. In such a case, it is unnecessary for the movant to demonstrate that the biased jurors had any particular effect on the jury's verdict (a showing which would likely be impossible except in rare cases). In this case, however, Christian has not demonstrated that any biased venireperson ultimately served on his jury as a result of counsel's deficient voir dire examination. Instead, Christian has at best raised the *possibility* that additional questioning of the venire panel *may* have revealed juror bias; he has produced no evidence that any juror who ultimately served actually believed that his prior convictions constituted evidence of guilt. *Cf. McFarland v. State*, 338 S.W.3d 846, 850 n.3 (Mo. App. S.D. 2011) (presumption of prejudice inapplicable where juror's "responses during voir dire were

ambiguous" as to whether he harbored any bias against the defendant). No presumption of prejudice applies in this case.

We recognize that, because Christian alleges that counsel failed to make inquiries which may have revealed juror bias, it may be difficult – if not impossible – for him to prove by a preponderance of the evidence that a biased juror was in fact empanelled in his case, or that he was otherwise prejudiced by counsel's actions. The Missouri Supreme Court faced a similar situation in *Strong*. In that case, a post-conviction relief movant argued that his counsel was ineffective for failing to assert a *Batson*[1] challenge to the prosecution's peremptory strikes of certain prospective jurors. The Missouri Supreme Court held that the *Strickland* prejudice standard applied to the movant's claim, even though the Court recognized that showing a reasonable probability of a different outcome might well be impossible where qualified venirepersons were improperly excluded from a jury. 263 S.W.3d at 648 (quoting *Young v. Bowersox*, 161 F.3d 1159, 1160-61 (8th Cir. 1998)). While it may be difficult, or even impossible, for Christian to show that counsel's deficient performance in jury selection prejudiced him, *Strong* holds that this does not justify relaxing the *Strickland* standard.

Under the *Strickland* test, deficient performance by counsel will justify a new trial only where the movant establishes a reasonable probability of a different outcome if counsel had acted competently. The trial court did not clearly err in concluding that Christian had failed to prove prejudice under this standard.[2] As the circuit court noted, defense counsel tendered to the court,

_____

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

[2] Christian seizes on the circuit court's statement that "it is difficult to believe that the outcome of the case would have been different" if counsel had acted differently, to argue that the circuit court misapplied the "reasonable probability of a different outcome" standard. We disagree. The court's judgment accurately recites the *Strickland* prejudice standard. The court's statement that "it is difficult to believe that the outcome of the case would have been different" if counsel had acted competently is not inconsistent with the *Strickland* test. If it is "difficult to believe" the result of a proceeding would have

7

and the court delivered, an instruction advising the jury that it could use Christian's prior convictions only to assess his credibility, not as substantive evidence of his guilt. Patterned after MAI 310.10, this instruction stated:

> If you find and believe from the evidence that defendant pled guilty to the offense of Assault in the First Degree and Armed Criminal Action, you may consider that evidence for the sole purpose of deciding the believability of the defendant and the weight to be given to his testimony and for no other purpose. You must not consider such previous plea of guilty as any evidence that the defendant is guilty of any offense for which he is now on trial.

"In the absence of exceptional circumstances, we assume the jury obeyed the trial court's directions and followed its instructions." *Boone v. State*, 147 S.W.3d 801, 808 (Mo. App. E.D. 2004); *see also*, *e.g.*, *State v. Forrest*, 183 S.W.3d 218, 229 (Mo. banc 2006). Since the jury was properly instructed that they could weigh Christian's prior convictions only to assess his credibility, we presume that the jury did not use his convictions as evidence of guilt, despite counsel's failure to secure this commitment from the jurors during voir dire.

In addition, the trial court did not clearly err in concluding that the overwhelming weight of the evidence against Christian also defeated his claim of prejudice.[3] Four of the five law enforcement officers involved in the incident identified Christian as the individual who shot at them. The evidence indicated that Christian's gun had fired several of the spent shells recovered at the scene. In his own testimony, Christian admitted that he had fired at the officers, although he claimed that he had acted in self-defense because he believed the officers intended to kill him, and only returned fire after they shot first. The jury was free to reject Christian's self-serving

---

been different, a post-conviction movant has failed to show a "reasonable probability" of a different outcome.

[3] We need not decide whether the weight of the evidence of a defendant's guilt can overcome the presumption of prejudice recognized in *Knese* and *Strong*. As explained earlier in the text, no presumption of prejudice applies here, because Christian has not established that a biased juror actually participated in the decision to convict him.

8

testimony (and was entitled to consider his prior felony convictions in assessing the credibility of his account).

Because he did not meet his burden of proving prejudice by a preponderance of the evidence, the circuit court did not clearly err in denying Christian's motion for post-conviction relief.

## Conclusion

The circuit court's judgment is affirmed.

_____

Alok Ahuja, Chief Judge