**IN the INTEREST OF:**
**C.Z.N., a Minor,**

**J.A.D., Natural Mother, Appellant,**

v.

**Phelps County Juvenile Office,**
**Respondent.**

**No. SD 34459**

Missouri Court of Appeals,
Southern District,
**Division Two.**

Filed: June 20, 2017

2015, unless otherwise indicated.

Appellant's Attorney: Carolyn G. Busch-jost, of Rolla, Missouri

Respondent's Attorney: Brian G. Ells-worth, of West Plains, Missouri

WILLIAM W. FRANCIS, JR., J.

J.A.D. ("Mother") appeals the judgment terminating her parental rights to her son, C.Z.N. ("Child").[1] Finding Mother has failed to properly raise any issue warranting reversal, we affirm the judgment of the Juvenile Division of the Circuit Court of Phelps County (the "trial court").

### Factual and Procedural Background

Our recitation of the relevant facts is in accord with the principle that we view the evidence in the light most favorable to the judgment. See *J.A.R. v. D.G.R.*, 426 S.W.3d 624, 626 (Mo. banc 2014). "Appellate courts will defer to the trial court's credibility assessments. When the evidence

---

1. After due and diligent search, the legal father of Child was determined to be D.N., who is deceased.

poses two reasonable but different inferences, this Court is obligated to defer to the trial court's assessment of the evidence." *Id.* (internal quotation and citation omitted).

■ " 'All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." ' *Id.* (quoting Rule 73.01(c)).[2] "[W]e are not free to credit evidence or inferences that favor the terminated parent. To the contrary, we must ignore these." *In re Adoption of C.M.*, 414 S.W.3d 622, 629 (Mo. App. S.D. 2013) (internal quotation and citation omitted). "In reviewing questions of fact, the reviewing court is to recognize that the circuit court is free to disbelieve any, all, or none of the evidence, and it is not the reviewing appellate court's role to re-evaluate the evidence through its own perspective." *J.A.R.*, 426 S.W.3d at 627. "The trial court receives deference on factual issues because it is in a better position not only to judge the credibility of the witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record." *Id.* (internal quotation and citation omitted). Viewed in this context, the following facts are pertinent to the current appeal.

The record reveals that J.A.D. is the biological mother of Child, born in April 2014. In April 2014, the Children's Division of the Missouri Department of Social Services ("Children's Division") received a Newborn Crisis Assessment indicating that Child had tested positive for opiates, marijuana, morphine, and oxymorphone at birth. Mother also had tested positive for marijuana, oxycodone, opiates, barbiturates, and benzodiazepines at the time of Child's birth. Mother admitted to using morphine during her pregnancy that was not prescribed for her.

Child was removed from Mother's care when he was three weeks old. The juvenile court assumed jurisdiction over Child, pursuant to section 211.031.1(1),[3] upon a finding that Child had been abused and neglected. Child was initially placed with his paternal grandparents, but was later moved to a foster home placement.

Mother entered into a written service agreement with the Children's Division in which she agreed to obtain and maintain a drug-free lifestyle, maintain regular contact with the Children's Division, and demonstrate proper parenting skills. Mother was also to attend and complete parenting classes.

Mother received a drug assessment requiring weekly outpatient drug counseling for one month. Mother failed to satisfy the recommendations of the drug assessment. She was also required to attend a 21-day inpatient drug treatment program, which she completed on April 6, 2015.

On September 23, 2015, a juvenile officer filed a petition for termination of parental rights, with a second amended petition being filed on October 22, 2015. The second amended petition asserted, in relevant part, that Child had been in foster care for 16 months; Mother had a chemical dependency that prevented Mother from consistently providing care for Child and which could not be treated to enable Mother to consistently provide such care; Mother had committed a severe act or recurrent acts of physical abuse of Child; and Mother had failed to provide Child with financial support. The petition further asserted that Mother had made little progress in

---

**2.** All rule references are to Missouri Court Rules (2017).

**3.** All references to statutes are to RSMo Cum. Supp. 2012, unless otherwise indicated.

complying with the terms of the written service agreement.

A termination of parental rights hearing was held on May 12, 2016.[4] Mother testified she had been randomly tested for drugs since Child came into care, that only one of the tests was negative, and that the drug test she had just one week prior to trial had been positive.[5] Mother stated she had completed an inpatient drug treatment program, and although she had tested positive for drugs just days after completing that program, she did not think she had a drug problem. Mother admitted she had pending criminal charges for drug possession, possession of drug paraphernalia, and stealing. Other than a brief period of informal employment as a personal care assistant for relatives in exchange for room and board, Mother admitted she had not been employed in the 24-month period prior to trial, she was not employed at the time of trial, and that she was completely dependent upon her family for all of her financial support and maintenance. Mother also admitted she did not complete parenting classes and that she had stopped attending counseling at the time of trial.

Mother stated that the drugs Child had tested positive for at birth were drugs given to her at the hospital. She admitted that even though she knew smoking marijuana was illegal and impacted on whether or not Child would be returned to her, she continued to smoke marijuana to relieve stress. Mother denied using methamphetamine or heroin, even though she had tested positive for both.

Kelly Bessier ("Bessier"), Child's caseworker, testified that the written service agreement in effect required Mother to remain drug free, complete inpatient drug treatment, submit to random drug screens, refrain from using illegal substances, and attend outpatient treatment. Mother was also to keep in contact with the Children's Division, maintain stable housing with a goal of having her own home, maintain financial stability with employment, attend mental health assessment and weekly mental health counseling appointments, and complete a parenting education program. At the time of trial, Mother had failed to complete any of the requirements of the written service agreement except for the random drug testing and the inpatient drug program. Mother consistently attended her visits with Child under the influence of drugs and alcohol. Mother only provided snacks for the Child at visitation, and what clothing she provided was too small for Child and reeked of cigarette smoke, to which Child was allergic. Child remained in foster care, and had been in foster care since May 6, 2014. Bessier testified that Child had adjusted well to that placement, had bonded with the foster family, and had become fully integrated into that family.

Because of Mother's continued drug use, Bessier could not recommend that Child be returned to Mother, and that it would be in the best interest of Child for Mother's parental rights to be terminated. Child's guardian ad litem also recommended termination of Mother's parental rights.

On May 16, 2016, the trial court entered its "Judgment Terminating Parental Rights." The trial court found that termi-

---

**4.** The trial court took judicial notice of the underlying juvenile file.

**5.** Testimony revealed Mother had 30 urine/hair drug tests and only one was negative for drugs. This did not include prescription drugs for which Mother had prescriptions.

The other 29 drug tests were positive for drugs including marijuana, opiates, methamphetamines, morphine, hydromorphone and hydrocodone. The drug tests were done between April 2014 and May 2016.

nation of Mother's parental rights was in the best interest of Child, and that there was clear, cogent and convincing evidence that grounds existed for termination of her parental rights pursuant to sections 211.447.5(2)(b) and 211.447.5(3)(a)(b)(d). The trial court specifically found that due to Mother's continued use of illegal drugs and misuse of prescription drugs, Child had minimal emotional ties to Mother, showed Mother's lack of commitment to Child, and constituted a deliberate act of which Mother should have known subjected Child to a substantial risk of physical harm. The trial court also found that Mother failed to make significant progress toward completion of her written service agreement causing visitation to be limited and supervised, and Mother provided only minimal payment for Child's care although financially able to do so. The trial court concluded that additional services would not likely bring about lasting parental adjustment enabling the return of Child to Mother, within an ascertainable period of time. This appeal followed.

In five points on appeal, Mother asserts:

## I.

THE TRIAL COURT ERRED IN ENTERING A JUDGMENT TERMINATING PARENTAL RIGHTS BECAUSE SUCH JUDGMENT IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, IS AGAINST THE WEIGHT OF THE EVIDENCE, AND ERRONEOUSLY DECLARES AND APPLIES THE LAW IN ALLOWING INADMISSIBLE HEARSAY EVIDENCE TO SUPPORT THE COURT'S FINDING THAT APPELLANT USED ILLEGAL DRUGS AND MISUSED PRESCRIPTION DRUGS AS A FACTOR TO ESTABLISH GROUNDS FOR TERMINATION OF PARENTAL RIGHTS.

## II.

THE TRIAL COURT ERRED IN ENTERING A JUDGMENT TERMINATING PARENTAL RIGHTS BECAUSE SUCH JUDGMENT IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, IS AGAINST THE WEIGHT OF THE EVIDENCE, AND ERRONEOUSLY DECLARES AND APPLIES THE LAW IN THE COURT'S DETERMINATION THAT APPELLANT USED ILLEGAL DRUGS AND MISUSED PRESCRIPTION DRUGS TO CONCLUDE, WITHOUT FINDINGS, THAT APPELLANT ABUSED OR NEGLECTED THE CHILD, HAD A CHEMICAL DEPENDENCY THAT PREVENTS HER FROM PROVIDING THE NECESSARY CARE FOR THE CHILD AND THAT WAS AN UNTREATABLE DEPENDENCY.

## III.

THE TRIAL COURT ERRED IN ENTERING ITS JUDGMENT TERMINATING PARENTAL RIGHTS BECAUSE SUCH JUDGMENT IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, IS AGAINST THE WEIGHT OF THE EVIDENCE, AND ERRONEOUSLY APPLIES THE LAW IN THAT INSUFFICIENT EVIDENCE WAS PRESENTED AND NO FINDINGS WERE MADE TO SUPPORT THE STATUTORY REQUIREMENTS OF SECTION 211.447.5(3)(a)(b) & (d) RSMo.

## IV.

THE TRIAL COURT ERRED IN ENTERING ITS JUDGMENT TERMINATING PARENTAL RIGHTS BECAUSE SUCH JUDGMENT IS NOT SUPPORTED BY EVIDENCE, IS AGAINST THE SUBSTANTIAL WEIGHT OF THE EVIDENCE, AND ERRONEOUSLY DECLARES AND APPLIES THE LAW IN THAT THE FINDINGS UNDER SEC-

TIONS 211.447.5(a)&(b) AND 211.447.7 RSMo. WERE INSUFFICIENT TO DETERMINE THE GROUNDS FOR TERMINATION AND THAT THE TERMINATION IS IN THE BEST INTERESTS OF THE CHILD.

V.

MOTHER WAS PREJUDICED DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL IN THAT NO POST TRIAL MOTION TO AMEND THE JUDGMENT WAS TIMELY FILED PURSUANT TO SUPREME COURT RULE 78.07(c) [SIC] REGARDING THE LACK OF STATUTORILY REQUIRED FINDINGS IN THE TRIAL COURT'S JUDGMENT, THEREFORE, POTENTIALLY FAILING TO PRESERVE THE SUBSTANTIAL ARGUMENTS FOR APPEAL.

### Analysis

#### *Points I, II, III, and IV*

■ Each of Mother's first four points conflates the three independent bases for relief on appeal from a court-tried case: lack of substantial evidence, against the weight of the evidence, and erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "These are distinct claims [and] must appear in separate points relied on in the appellant's brief to be preserved for appellate review." *Ivie v. Smith*, 439 S.W.3d 189, 199 n.11 (Mo. banc 2014). Because Mother's Points I through IV conflate all three bases for relief, those points preserve nothing for our review.

■ Furthermore, Mother's argument wholly fails to follow the mandatory analytical sequence set forth by *Houston v. Crider*, 317 S.W.3d 178, 186–87 (Mo. App. S.D. 2010). The standard of review in civil cases contemplates two types of arguments regarding the factual support for a trial court's judgment: a challenge that the judgment is not supported by substantial evidence, and a challenge that the judgment is against the weight of the evidence. *Id.* at 186–87. To present a not-supported-by-substantial-evidence challenge, the appellant must complete three distinct analytical steps:

(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;

(2) identify all of the favorable evidence in the record supporting the existence of that proposition; and,

(3) demonstrate why that favorable evidence, when considered along with the reasonable inferences drawn from that evidence, does not have probative force upon the proposition such that the trier of fact could not reasonably decide the existence of the proposition.

*Id.* at 187. To present an argument that the judgment is against the weight of the evidence, the appellant must complete four distinct analytical steps:

(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;

(2) identify all of the favorable evidence in the record supporting the existence of that proposition;

(3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and,

(4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.

*Id.* Because Mother's arguments in Points I through IV fail to follow this framework, her arguments are "analytically useless and provide no support" for her challenge.[6] *Id.* at 188. Points I through IV are denied.

### *Point V*

Mother's Point V states:

MOTHER WAS PREJUDICED DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL IN THAT NO POST TRIAL MOTION TO AMEND THE JUDGMENT WAS TIMELY FILED PURSUANT TO SUPREME COURT RULE 78.07(c) [SIC] REGARDING THE LACK OF STATUTORILY REQUIRED FINDINGS IN THE TRIAL COURT'S JUDGMENT, THEREFORE, POTENTIALLY FAILING TO PRESERVE THE SUBSTANTIAL ARGUMENTS FOR APPEAL.

▇▇▇▇▇ This point is wholly insufficient in that it fails to allege reversible error by the trial court. Our power to reverse the judgment of a trial court is closely circumscribed by Rule 73.01, as recognized by *Murphy*, 536 S.W.2d at 32:

[T]he decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.

*Id.*

Mother's Point V fails to conform to any of the reversible avenues available under *Murphy* and Rule 73.01, and is therefore wholly unavailing.

▇▇▇▇▇ Even if Mother's point were in compliance with our mandatory briefing rules, her claim would still fail. "[P]ursuant to § 211.462.2, a natural parent has a statutory right to counsel in a termination of parental rights proceeding and, therefore, an implied right to effective assistance of counsel." *In the Interest of J.P.B.*, 509 S.W.3d 84, 97 (Mo. banc 2017). "The test is whether the attorney was effective in providing his client with a meaningful hearing based on the record." *Id.* (internal quotation and citation omitted). Failure in this regard contemplates conduct by counsel so defective as to amount to a "violation of [parent's] constitutional right to access the courts[.]" *Id.* Mother's brief fails to demonstrate this level of prejudice. As we have indicated in the post-conviction relief context, while "trial counsel has a duty to preserve error by asserting it in an appropriate post-trial motion[,] . . . the failure to preserve error for appellate review does not affect a . . . movant's right to a fair *trial.*" *Everage v. State*, 229 S.W.3d 99, 103 (Mo. App. W.D. 2007) (emphasis in original). This rationale is instructive here. Failure to preserve error for appellate review does not affect Mother's right to a fair trial. Point V is denied.

The judgment of the trial court is affirmed.

GARY W. LYNCH, P.J.—Concurs

NANCY STEFFEN RAHMEYER, J.—Concurs

---

**6.** The central premise of each of Mother's first four points is that the trial court erred in considering inadmissible evidence regarding Mother's drug tests. While we do not reach the merits of those points, we note that none of them, nor their supporting argument, consider or take into account Mother's admissions at trial that she had been randomly tested for drugs since Child came into care, that only one of the tests was negative, and that the drug test she had just one week prior trial had been positive.